UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR MARR,<br><br>Defendant. | Case No. 14-cr-00580-PJH-4<br><br>**PRETRIAL ORDER NO. 6 RULING ON DEFENDANT'S MOTION IN LIMINE AND DISPUTED JURY INSTRUCTIONS**<br><br>Re: Doc. Nos. 296, 307, 309, 312, 313 |

1. Before the court is the motion in limine of defendant Victor Marr to preclude the government from using the term "bid rigging" when questioning witnesses and to instruct the government's witnesses to refrain from testifying that defendant committed the crime of "bid rigging." Doc. no. 296. Although the motion is untimely, filed several months after the deadline to file motions in limine, the court will rule on the merits of the motion, in light of defendant's assertion that the ground for his objection became ripe only after he reviewed his co-defendants' trial transcripts which reflected that the government and its witnesses referred to "bid rigging" in questions and answers. Doc. no. 315. Having presided over the co-defendants' earlier trial, the court determines that the testimony by witnesses referring to bid rigging activity based on their personal observations neither amounted to improper lay opinion nor resulted in prejudice or confusion, in light of the instructions that clearly required the jury to find whether any defendant was guilty of the bid rigging offense. *See United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001), *as amended* ("A lay witness may testify as to an ultimate issue of fact, so long as the testimony is otherwise admissible.") (citing Fed. R. Evid. 701,

1  704). Defendant's motion in limine to preclude the government from using the term "bid
2  rigging" when questioning witnesses is therefore DENIED.

   2. With respect to the jury instructions that remain in dispute after the parties were ordered to meet and confer, doc. no. 247 (Pretrial Order No. 5), the court rules as follows:

   a. The court adopts the government's proposed instruction on rounds to instruct the jury that if it finds that the rounds were in furtherance of the bid rigging conspiracy alleged in the indictment, it may consider defendant's participation in rounds as evidence of participation in that bid rigging conspiracy. Doc. no. 309. Defendant's proposed instruction that "[p]articipation in such rounds is not illegal," could cause confusion about whether the jury may find that the rounds were part of the charged bid rigging conspiracy. The remaining language in defendant's proposed "Rounds" instruction about a winning bidder's right to purchase the property, based on partial language from the instructions given in *Katakis*, is also potentially confusing about whether the jury may find that a winning bidder sold his right to purchase property as part of the charged bid rigging conspiracy, which defendant omitted from the original *Katakis* instruction. Doc. no. 312 (citing *U.S. v. Katakis,* No. 2:11-cr-511 WBS, doc. no. 268, Instr. No. 16 (E. D. Cal. Mar. 5, 2014)).

   b. The court adopts the government's proposed instruction No. 2 (The Charge - Presumption of Innocence) setting forth the elements of the bid rigging conspiracy, and DENIES defendant's request to modify the second element in No. 2 and No. 18, "that the defendant knowingly became a member of the conspiracy," to add "knowing of [at least one of its objects] [this objective] and intending to [help accomplish it] [achieve it]," as redundant and unnecessary in light of jointly proposed instructions No. 19 ("One becomes a member of the conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy") and No. 20 (requiring the government to prove "the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy"). Doc. no.

313.

      c.    With respect to the first paragraph of the government's proposed instruction No. 18, the court adds the following language of the indictment charging the bid rigging conspiracy, as given in the trial of co-defendants Michael Marr, et al., doc. no. 293.

> The defendant is charged with one count of bid rigging, in violation of the Sherman Act, Section 1 of Title 15 of the United States Code. **The indictment charges the defendant with entering into and engaging in a conspiracy which consisted of a continuing agreement, understanding, and concert of action among the defendant and coconspirators to suppress competition by refraining from and stopping bidding against each other to purchase hundreds of selected properties at public auctions in Alameda County.** In order to establish the offense of conspiracy to rig bids as charged in the indictment, the government must prove each of these elements beyond a reasonable doubt . . . .

In all other respects, the court adopts the government's proposed instruction No. 18. Doc. no. 307. The court previously denied defendant's proposal to include an unreasonable restraint element. Doc. no. 313. *See* Pretrial Order No. 5 at 37-38.

      d.    The court modifies jointly proposed instruction No. 21 (Multiple Conspiracies), which is based on Ninth Circuit Model Criminal Jury Instruction 8.22, to remove references to multiple defendants and multiple counts as follows:

> You must unanimously decide whether the specific conspiracy charged in the indictment existed and, if so, who at least some of its members were. If you find that the conspiracy charged ~~in that count~~ did not exist, then you must return a not guilty verdict ~~on that count~~, even though you may find that some other conspiracy or conspiracies existed. Similarly, if you find that ~~any~~ **the** defendant

3

|   |   |
|---|---|
| 1 | was not a member of the **charged** conspiracy ~~charged~~ ~~in that~~ |
| 2 | ~~count~~, then you must find ~~that~~ **the** defendant not guilty ~~on that~~ |
| 3 | ~~count~~, even though ~~that~~ **the** defendant may have been a member of |
| 4 | some other conspiracy or conspiracies. |

In all other respects, the court adopts the parties' jointly proposed instructions, over defendant's reserved objections.  Doc. no. 307.  The approved instructions are attached to this order as Appendix A.

    3.    The court adopts the parties' jointly proposed modification to the juror questionnaire to refer to a single defendant and single count.  Doc. no. 308.  *See* Appendix B.

    4.    The court prefers the single-sentence format for the verdict form as proposed by defendant, over the government's proposed "Question 1" format which is unnecessary for the single count charged here.  The court does not, however, adopt defendant's verdict form because it misstates the charge as "conspiracy to commit bid rigging."  Doc. no. 314.  The government shall file an amended proposed verdict form in the single question format, and email a Word version to the court's proposed order mailbox, by the first day of trial.

    5.    The government must file any revised exhibit or witness lists by 5:00 p.m., August 7, 2017.

**IT IS SO ORDERED.**

Dated:  August 7, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge
4